Jerome RUFF, Petitioner,

v.

Donald WYRICK, Warden, Respondent.

No. 80–1515–C(5).

United States District Court,
E.D. Missouri, E.D.

July 22, 1982.

Mark G. Zellmer, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for petitioner.

Kristie Green, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM

CAHILL, District Judge.

This matter is before the Court on Jerome Ruff's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Ruff was convicted by a jury of armed robbery in the Circuit Court, City of St. Louis, and sentenced to 25 years imprisonment. Ruff's grounds for habeas relief necessitate a brief rendition of the facts and circumstances that led to his conviction.

The jury found that Ruff and a companion entered the home of Walter White on

September 15, 1977 and forcibly robbed him of a sum of money. White was also physically injured by the assailants. Apparently, Ruff and the other robber believed there to be more money and valuable property in White's home than they found. The record indicates that the two perpetrators were in White's home approximately forty-five (45) minutes searching for additional valuables. All during that time White was able to view the robbers, often at close proximity.

On September 22, 1972, White saw Ruff outside of the apartment complex where White lives. After viewing Ruff for a few minutes, White notified the police that Ruff was one of the men that robbed him.

The jury apparently further found that another tenant in White's apartment complex, Nathaniel Ellis, saw Ruff and his companion leave the scene of the robbery. According to White, Ellis told him that Ellis knew Ruff from school and told White Ruff's name. Police officers that investigated the robbery also testified that Ellis gave them Ruff's name and a general description of the robbers. Later, Ellis denied those statements; that denial is a point of controversy in this action. White, too, gave the officers a description of the assailants. One description accurately recounted Ruff's physical characteristics.

On the day of Ruff's trial, the prosecutor showed White a single photograph of Ruff with Ruff's name on the bottom. White testified at a hearing on a motion to suppress that he did not notice Ruff's name on the photograph. White further testified that the photograph did little to aid his recollection of Ruff because White had viewed Ruff enough at the scene of the robbery to identify him without the photograph. Subsequently at trial, White positively identified Ruff as one of the perpetrators.

At trial, Ellis testified contrarily to the statements he allegedly told to the enforcement officers and White. Ellis testified that Ruff was not the party he saw at the scene of the robbery. Ellis further stated that he knew Ruff only from high school. Having been surprised by Ellis' trial testimony, the prosecutor requested that the trial court allow the prosecutor to take the witness stand to impeach Ellis' statements. That action was disallowed. The trial court did allow the prosecutor to recall the investigating police officers in an effort to impeach Ellis' testimony. As mentioned earlier, the jury found Ruff guilty of armed robbery.

Ruff's petition for writ of habeas corpus forwards two grounds for relief. The petition first maintains that the pretrial showing of the photograph of Ruff tainted the in-court identification of Ruff in violation of his right to due process. Ruff secondly proffers that the trial court erred by allowing the state to impeach its own witness. For the reasons discussed below, Ruff's petition for habeas relief is denied.

The Court has little difficulty in finding that the showing of Ruff's photograph was highly suggestive and an objectionable method of pretrial identification. *United States v. Cook,* 464 F.2d 251 (8th Cir.1972), *cert. denied,* 409 U.S. 1011, 93 S.Ct. 457, 34 L.Ed.2d 305 (1972). However, even though the photographic display was impermissibly suggestive, it does not follow that the in-court identification was tainted by the invalid display. *United States v. Monteer,* 512 F.2d 1047 (8th Cir.1975). If the identification in court was based on White's recollection of Ruff's appearance at the time of the robbery, it would be admissible as independent of the pretrial photographic display. *Evans v. Janing,* 489 F.2d 470 (8th Cir.1973). The threshold question is whether under the totality of the circumstances the identification was reliable. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. *Neil v. Biggers,* 409 U.S. at 199, 93 S.Ct. at 382.

 Applying these factors, the Court is convinced that the in-court identification of Ruff was made independently of the suggestive photograph.

As mentioned previously, White spent approximately 45 minutes with the robbers. His view of them was virtually unobstructed throughout the duration of the robbery. White's description of the robbers to the police was an accurate account of Ruff's physical makeup. Moreover, White positively identified Ruff a week after the crime as one of the perpetrators. Those factors coupled with White's testimony that the photograph of Ruff helped little in recalling Ruff's description leads the Court to the inescapable conclusion that the in-court identification was not tainted by the photographic display. Thus, Ruff's request for habeas relief is denied on this point.

Ruff secondly asserts that he was denied a fair trial because the trial court allowed the state to impeach its own witness, Nathaniel Ellis. The respondent correctly posits that questions relating to admissibility of evidence are matters of state law and generally do not give rise to constitutional errors which are subject to redress in federal habeas corpus cases. *Maggitt v. Wyrick,* 533 F.2d 383, 385 (8th Cir.1976). It is only where the trial errors or irregularities infringe upon a specific constitutional protection or are so prejudicial as to amount to a denial of due process that a justiciable federal issue is presented in a habeas corpus proceeding. *Schleicher v. Wyrick,* 529 F.2d 906 (8th Cir.1976); *Taylor v. Minnesota,* 466 F.2d 1119 (8th Cir.1972). "In order to establish a denial of due process the petitioner must prove that the asserted error was so 'gross,' 'conspicuously prejudicial,' or otherwise of such magnitude that it fatally infected the trial and failed to afford petitioner the fundamental fairness which is the essence of due process." *Maggitt v. Wyrick,* 533 F.2d at 385.

Ruff has failed to show such a denial of due process. The record indicates that Ellis totally surprised the prosecutor with his trial testimony. Ellis' testimony was not merely different from what the prose-

cutor expected him to say, but greatly weakened the state's case against Ruff. In such a case, the law of evidence in Missouri allows for the impeachment of the witness. *Crabtree v. Kurn,* 351 Mo. 628, 173 S.W.2d 851 (1943); *State v. Williams,* 522 S.W.2d 641 (Mo.App.1975). A similar course is followed in federal courts. *United States v. Dunmore,* 446 F.2d 1214 (8th Cir.1971). Ruff's due process rights were not violated by the impeachment of Ellis. Accordingly, the petition for writ of habeas corpus is denied.